NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 08-4578

———

UNITED STATES OF AMERICA

v.

RICHARD W. HERNANDEZ,
                              Appellant

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No.1-08-cr-00164-001)
District Judge: Hon. William W. Caldwell

———

Submitted Under Third Circuit LAR 34.1(a)
July 2, 2010

Before:  SLOVITER, BARRY and HARDIMAN, Circuit Judges

(Filed: July 2, 2010)

———

OPINION

SLOVITER, *Circuit Judge*.

Richard Hernandez appeals his convictions and sentence for three counts of armed bank robbery in violation of 18 U.S.C. § 2113(a), (d), and one count of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Counsel for Hernandez has moved to withdraw and has accordingly filed an *Anders* brief, asserting that there are no non-frivolous issues for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We will affirm and grant counsel's motion to withdraw.

## I.

On two dates in 2008, Hernandez and a co-defendant robbed three federally insured banks, obtaining $25,505. During the robberies, Hernandez carried a semi-automatic gun, pointing it at at least one bank teller. After being identified and apprehended, both defendants admitted participating in the robberies. They were charged with three counts of armed bank robbery under 18 U.S.C. § 2113(a), (d), aiding and abetting armed bank robbery under 18 U.S.C. § 2, using a firearm during a crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii), and conspiring to commit armed bank robbery under 18 U.S.C. § 371. Hernandez alone was charged with possession of a stolen firearm under 18 U.S.C. §§ 922(j) and 924(a)(2).

Counsel was appointed to represent Hernandez. Hernandez entered into a plea agreement by which he pled guilty to three counts of armed bank robbery, as well as a count of brandishing a firearm during a crime of violence, and the government agreed to

2

dismiss the remaining counts. Count IV, brandishing a firearm during a crime of violence, carries a statutory mandatory minimum sentence of eighty-four months imprisonment that is to run consecutively to any other term of imprisonment. Notably, Hernandez' counsel asserts that, during the plea bargaining, the government threatened to prosecute Hernandez for two additional counts under 18 U.S.C. § 924(c), convictions which would have exposed him to an additional fifty years of imprisonment.

The District Court accepted Hernandez' guilty plea as "voluntary and informed" after a colloquy pursuant to Federal Rule of Criminal Procedure 11. App. at 53a. The presentence report ("PSR") recommended a Guideline range of 272 to 319 months imprisonment. Neither Hernandez nor the government objected to the PSR.

At sentencing, the District Court, discussing the factors under 18 U.S.C. § 3553(a) as well as Hernandez' individual circumstances, imposed a sentence of 224 months – forty-eight months below the PSR Guideline computation. Counsel filed a Notice of Appeal and made the present motion to withdraw as counsel.[1]

**II.**

At times, a defense counsel may be faced with conflicting responsibilities to

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We exercise plenary review of questions of law, and apply a clearly erroneous standard to the District Court's findings of fact. *United States v. Queensborough*, 227 F.3d 149, 156 (3d Cir. 2000).

support his or her client to the best of his or her ability, on the one hand, and, on the other hand, to avoid frivolous appeals. *Anders*, 386 U.S. at 744. Under *Anders*, if a counsel for a defendant finds an appeal to be "wholly frivolous, after a conscientious examination of [the case], he should so advise the court and request permission to withdraw." *Id.* This request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal." *Id.*

An *Anders* inquiry by the court is twofold. First, the court must determine whether counsel adequately fulfilled the requirements of Third Circuit Local Appellate Rule 109.2(a) which states, in relevant part:

> Where, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), which must be served upon the appellant and the United States.

3d Cir. L.A.R. 109.2(a) (2010).

An adequate *Anders* brief: (1) "satisf[ies] the court that counsel has thoroughly examined the record in search of appealable issues," *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001); (2) identifies any "issue[s] arguably supporting the appeal even though the appeal was wholly frivolous," *Smith v. Robbins*, 528 U.S. 259, 285 (2000); and (3) "explain[s] why the issues are frivolous." *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000).

Second, the court must determine "whether an independent review of the record

4

presents any nonfrivolous issues." *Youla*, 241 F.3d at 300. "An appeal on a matter of law is frivolous where none of the legal points are arguable on their merits.'" *Id.* at 301 (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)) (internal brackets omitted).

We find counsel's *Anders* brief to be adequate, as it identifies the only appealable issues, and explains why each of these issues would be a frivolous ground for appeal. The *Anders* brief moreover discusses the plea hearing, notes that our review of the guilty plea acceptance is for plain error and that, in any event, the District Court complied with Federal Rule of Criminal Procedure 11, as Hernandez' plea was knowing, voluntary and intelligent.

Next, the *Anders* brief discusses the deference we owe district courts' sentencing decisions under *Gall v. United States*, 552 U.S. 38, 51 (2007), and *United States v. Wise*, 515 F.3d 207, 216-217 (3d Cir. 2008), and concludes that the District Court here imposed a sentence that was neither "procedurally deficient [n]or substantively unreasonable," Appellant's Br. at 16.

Finally, counsel advances another issue arguably supporting an appeal, which is related to the plea bargaining process, i.e., the government's "threat" to prosecute Hernandez for additional § 924(c) violations. Although the threat may well have weighed heavily on the plea negotiations, counsel's brief explains that such a practice by the government is not improper. *See Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1977).

The *Anders* brief will guide our review because it is adequate and because

5

Hernandez filed no pro se brief. There is no non-frivolous issue pertaining to jurisdiction. 18 U.S.C. § 3231 provides district courts with original jurisdiction over "all offenses against the laws of the United States." Hernandez was indicted for violating several statutes of the United States.

There is no non-frivolous issue with regard to plea validity. To be valid, a guilty plea must be knowing and voluntary. *See Boykin v. Alabama*, 395 U.S. 238, 242 (1969). Before accepting a guilty plea, district courts must:

> advise the defendant, inter alia, of the waiver of certain constitutional rights by virtue of a guilty plea, the nature of the charges to which he or she is pleading guilty, the 'maximum possible penalty' to which he or she is exposed, the court's 'obligation to apply the Sentencing Guidelines [and] . . . discretion to depart from those guidelines under some circumstances,' and 'the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.'

*United States v. Schweitzer*, 454 F.3d 197, 202-203 (3d Cir. 2006) (quoting Fed. R. Crim. P. 11(b)(1)). The District Court met these requirements, and the record leaves no doubt that Hernandez understood the consequences of his plea and that he entered his plea voluntarily.

Nor is there any non-frivolous issue related to the reasonableness of the sentence. We review the District Court's sentence for abuse of discretion. *Gall*, 552 U.S. at 51. We must first "ensure that the [D]istrict [C]ourt committed no significant procedural error in arriving at its decision, 'such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a)

6

factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range.'" *Wise*, 515 F.3d at 217 (quoting *Gall*, 552 U.S. at 51). If we discern no procedural error, we must then "review the substantive reasonableness of the sentence under an abuse-of-discretion standard, regardless of whether it falls within the Guidelines range." *Id.* at 218 (citing *Gall*, 552 U.S. at 51). "The touchstone of reasonableness is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc) (internal quotations omitted).

Hernandez' sentence is procedurally reasonable. The District Court recognized that it was not bound by the Guidelines and imposed a sentence below the Guidelines suggested range. It moreover provided an adequate explanation for its deviation. The District Court considered Hernandez' personal history and circumstances, as well as the seriousness of the crime, Hernandez' recidivist nature, and the need for deterrence and public safety. Nor would we have any basis on which to find an abuse of discretion in the District Court's substantive sentence, which was forty-eight months below the Guideline range.

The final issue arguably supporting an appeal involving the plea bargain lacks merit. Under *Bordenkircher*, the government may confront a defendant with the possibility of more severe punishment during plea negotiations. 434 U.S. at 364. This

7

practice is part of the "give-and-take" of plea bargaining. *Id.* at 363. Furthermore, the evidence against Hernandez was overwhelming as to the two additional § 924(c) violations, and it is likely that he would have been convicted on those counts. We can therefore distinguish this case from those in which additional counts are unfairly threatened against a defendant, thereby inducing or compelling an involuntary guilty plea.

## III.

For the above-stated reasons, we agree with counsel that no non-frivolous issues for appeal exist in this case. Accordingly, we will affirm the District Court's judgment and grant counsel's motion to withdraw.